**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| BRIAN KITTS,<br>        Plaintiff,<br><br>        v.<br><br>ORI INC.,<br>        Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Brian Kitts ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq.,

for its Complaint against the defendant Ori Inc.("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1.     This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1),

501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.     Plaintiff is an individual residing and doing business in Walnut Creek, California.

3.     Upon information and belief, Defendant is a corporation organized under the laws

of the State of Delaware with a headquarters located at 12 Channel Street in the Seaport District.

**JURISDICTION AND VENUE**

4.     This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and

28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

1

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

<b>FACTS COMMON TO ALL CLAIMS FOR RELIEF</b>

**A.      Plaintiff's Business**

7.      Plaintiff is a San Francisco Bay Area–based architectural photographer and cinematographer specializing in high-end residential, commercial, and multifamily architecture. His work focuses on conveying the intent of the design rather than just documenting buildings, often emphasizing form, materiality, light, and spatial flow.

8.      Among Plaintiff's many celebrated photographs are the following three images from a shoot he did at 1900 Broadway, known as 1) 1900Broadway_082324_BKV_056, 2) 1900Broadway_082324_BKV_032, and 3) 1900Broadway_082324_BKV_005, respectively, hereinafter referred to as the "Copyrighted Works":







9. Plaintiff is the sole author of the "Copyrighted Works."

10. Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-418-436 for the copyrights in and to the Copyrighted Works.

11. The Copyrighted Works are original works of authorship.

12. Plaintiff is the sole owner of the copyrights in and to the Copyrighted Works.

**B.    Defendant's Unlawful Activities**

13. Defendant is a real estate and technology company, originating from MIT Media Lab, that utilizes robotic furniture systems to create "expandable apartments" designed to maximize space in small urban environments. The firm partners with developers to install motorized systems—including the Cloud Bed, Pocket Closet, and Studio Suite—which are currently installed in over 2,000 units across the U.S. and Canada..

14.    Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of a derivative work, and publicly displayed, without Plaintiff's authorization at Defendant's Website ("Infringing Website"), a copy of the screenshot of which is depicted here:







15. Upon information and belief, Defendant operates and is directly responsible for the content at the Infringing Website.

16. Upon information and belief, Defendant needed a sophisticate architectural photography to promote and sale its products and services.

17. Upon information and belief, Defendant or someone acting on its behalf, searched the internet and located the Copyrighted Works and, without authorization from Plaintiff, downloaded the Copyrighted Works to computer systems owned or operated by Defendant, and then used the Copyrighted Works in an Instagram post for the commercial purpose of advertising its restaurant, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Works.

18. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

19. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization.

5

20.    Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Works was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

21.    Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work was knowing and willful in that Defendant, a sophisticated company well versed in the laws of copyright, knew or should have known of the need to seek a license for the use of the Copyrighted Work, knew too it did not have a license to use Plaintiff's Copyrighted Work, and deliberately did so anyway.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

22.    Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

23.    The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

24.    As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

25.    Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Website.

26.    By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

6

27.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

28.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

29.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

30.     In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

7

2.    A declaration that such infringement is willful;

3.    An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4.    Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.    Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.    For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 23, 2026

                                   Respectfully submitted,

                                   /s/ *R. Terry Parker*
                                   R. Terry Parker, Esquire (BBO No. 569008)
                                   Law Office of R. Terry Parker
                                   43 West 43rd Street, Suite 275
                                   New York, New York 10036
                                   Telephone: (212) 859-5068
                                   Email: terry@rterryparkerlaw.com

                                   *Attorney for Plaintiff*
                                   *Brian Kitts*